UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                    CASE NO.:

**EDWARD J. MELANCON, JR.**                               **08-10866**

DEBTOR                                                    CHAPTER 13

## MEMORANDUM OPINION

The standing chapter 13 trustee objected to confirmation of debtor Edward J. Melancon, Jr.'s Fourth Amended Plan as based on an incorrect calculation of disposable income due to his improper deduction for health care expenses. Because the debtor properly claimed his health care expenses, his computation of disposable income is correct and the trustee's objection is overruled.

### Applicable Law

Among the important changes introduced in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005[1] were provisions defining a debtor's "current monthly income" ("CMI")[2] and applying a "means test" to determine the propriety of chapter 7 relief. 11 U.S.C. §707(b)(2). In chapter 13 cases the CMI is the starting point for deciding how much income a debtor must devote to paying the claims of unsecured creditors. Chapter 13 debtors with CMI above defined levels must complete the means test to determine the amount of their disposable income. The CMI also determines the

---

[1] Pub. L. No. 109-8, 119 Stat. 23 (2005).

[2] Current monthly income as defined in 11 U.S.C. §101(10A) is the monthly average of certain income that a debtor (and in a joint case, the debtor's spouse) received in the six months prior to the bankruptcy filing.

period of time, either three or five years, during which the debtor must commit his disposable income to paying unsecured creditors.

More specifically, to confirm a chapter 13 plan, a debtor must commit all his projected disposable income received in the "applicable commitment period . . . to make payments to unsecured creditors . . . ." 11 U.S.C. §1325(b)(1)(B). Section 1325(b)(2)(A) and (B) defines *disposable income* as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended" on maintenance and support of the debtor or his dependents, charitable deductions and the debtor's business, if applicable. In turn, Bankruptcy Code section 1325(b)(3) states that "[a]mounts reasonably necessary to be expended under paragraph (2) shall be determined in accordance with" 11 U.S.C. §707(b)(2)(A) and (B) if the debtor has current monthly income that, when multiplied by 12, is greater than the state median family income for a family of the same size or is, in other words, an above-median family income debtor. Finally, the "applicable commitment period" according to 11 U.S.C. §1325(b)(4)(A)(ii) is at least five years for a debtor (and spouse) with CMI, when multiplied by 12, that is above the state median.

Under section 707(b)(2)(A)(ii), monthly expenses that may be deducted from the CMI as "reasonably necessary" are "the debtor's *applicable* monthly expense amounts specified under the National Standards and Local Standards, and the debtor's *actual* monthly expenses for the Categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides . . . ." (Emphasis added.) The Internal Revenue Service ("IRS") sets out in the Internal Revenue Manual[3]

---

[3] The Internal Revenue Manual comprises the service's guidelines for their enforcement and collection process. Specifically, Part 5, Chapter 15 of the manual, in which the standards referred to in section 707 are found, "provides instructions for analyzing the taxpayer's financial condition." IRM 5.15.1.1 (05-09-2008).

2

national and local standards for the following categories of expenses: food, clothing, household supplies, personal care, and miscellaneous expenses; utilities; housing charges; vehicle operation or public transportation; transportation ownership and lease expenses; and *out-of-pocket health care expenses*. IRM 5.15.1.8 and 1.9 (05-09-2008) (emphasis added). Debtors also may take deductions for other types of expenses the IRS deems necessary.[4] In the category of "Other Necessary Expenses" the IRS includes life insurance, educational expenses, dependent care, child care, court ordered support payments, job-related involuntary deductions, accounting and legal fees, charitable contributions, secured debt payments, unsecured debt payments, taxes, telephone services, student loans, internet service expenses, and amounts necessary to repay federal tax loans. IRM 5.15.1.10 (05-09-2008).

The IRS Manual's monthly living expense deductions are incorporated into the means test form[5] in order to calculate a debtor's disposable income, on which the debtor's required plan payment is based. Means test form line 24B is for the debtor's out-of-pocket health care expenses. Those expenses are based on the national standard deduction as well as the number of members in the debtor's household and whether they are over or under age 65. Line 36 of the form is entitled "Other Necessary Expenses: health care." It calls for the debtor to deduct from his CMI the average monthly amount the debtor *actually* expended for health care "that is not reimbursed by insurance or paid

---

[4] Necessary expenses must be related to the health and welfare of the taxpayer or his family or the production of income. IRM 5.15.1.10(1) (05-09-2008).

[5] Official Bankruptcy Form 22C, "Chapter 13 Statement of Current Monthly Income and Calculations of Commitment Period and Disposable Income."

3

by a health savings account, and that is *in excess of the amount entered in Line 24B*." (Emphasis added.)

## Facts

This debtor is married with two children, and according to his amended means test form, the debtor's family income is above the state median. As a result he was required to complete the means test form to determine his monthly disposable income. On line 24B of the form, Melancon claimed $228, the national standard allowance for out-of-pocket health care expenses for a household of four people. The debtor listed $0 on line 36 of the form, which calls for a deduction for unreimbursed health care expenses in excess of the amount claimed on line 24B.

The debtor also listed $228 in medical expenses on Schedule J, "Current Expenditures of Individual Debtors." That schedule requires an estimate of several categories of the debtor's "average or projected" monthly household expenses. At the trustee's request, Melancon submitted documentation for recent medical expenses averaging $167, though he did not document any anticipated medical expenses.

Melancon's amended means test at line 59 reflects that his monthly disposable income is $25.78. This figure multiplied by 60 (five years, the "applicable commitment period" for a debtor with family income above the state median) totals $1,546.80, which is the minimum that debtor's proposed plan must pay unsecured creditors to be confirmable. *See* 11 U.S.C. §1325(b)(4)(A)(ii). The debtor's Fourth Amended Plan proposes to pay unsecured creditors the total of $3,701.34, more than double the required minimum.

4

**Analysis**

The chapter 13 trustee urges the court to conclude that Melancon cannot use the national standard IRS health care deduction for his projected health care expense on Schedule J or for purposes of determining the disposable income he must apply to plan payments, because his recent documented health care expenses are lower than the national standard for those expenses.  The debtor argues that his use of the standard deduction on both the means test form and Schedule J is a reasonable and appropriate method of predicting future health care expenses in calculating his disposable income.

The IRS Manual is unambiguous in its treatment of health care expenses.  Section 5.15.1.7 of the Manual sets out national standards for health care expenses.  It states that "[t]axpayers and their dependents are allowed the standard amount monthly on a per person basis, without questioning the amounts they *actually spend*."  (Emphasis added.) In contrast, a taxpayer is only allowed an "other expense" in excess of the standard allowance if the taxpayer proves that the expense is necessary and reasonable.  IRM 5.15.1.10 (2) and (3) (05-09-2008).

The Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States has issued consolidated Committee Notes for the official forms for the period 2005-2008.  The committee notes acknowledge a national standard allowance for out-of-pocket health care expenses found in subpart A of the means test form but also observe that the various categories of "Other Necessary Expenses" deductible on lines 30-37 of subpart A *exclude* amounts deducted elsewhere on the form.  Official Committee Notes, 2005-2008 ¶C(1).  This comment supports the conclusion that the "Other Necessary Expenses" are those in excess of the national standard deductions.

The IRS national standards "generally serve as both a floor and a ceiling" for the deductions from a debtor's current monthly income allowed by §707(b)(2). *In re Johnson*, 346 B.R. 256, 265 (Bankr. S.D. Ga. 2006). *See also In re Devilliers*, 358 B.R. 849, 861 (Bankr. E.D. La. 2007) ("IRS standard deductions provide a ceiling for the applicable expenditures. At least initially, they also supply a floor, providing predictability.") The means test form, using a debtor's CMI as the starting point and applying the IRS standard deductions and other expense deductions to reduce the CMI for reasonably necessary expenses, as provided in section 1325(b)(3), arrives at a debtor's disposable income, albeit in a method different than merely using schedules I and J. As the *Devilliers* court noted, Congress apparently has substituted "the utilization of IRS standard deductions" for the use of schedule J as a way to reliably and uniformly predict a debtor's future level of living expenses. *Devilliers*, 358 B.R. at 861.

The statements in the Internal Revenue Manual, the actual language of the means test form, and the guidance of the Official Committee Notes and jurisprudence support the conclusion that debtors are entitled to claim the national standard health care expenses on the means test form for purposes of determining disposable income, whether or not their documented prepetition health care expenses are lower than the national standard. The national standard deduction is the "applicable monthly expense amount" allowed by section 707(b)(2)(A)(ii). Debtors also can deduct as "Other Necessary Expenses" any *additional* actual health care expenses that they are able to document.[6]

---

[6] This does not mean that the IRS's standards have been incorporated wholesale into the Bankruptcy Code or that they control outcomes on other issues.

Accordingly, Melancon may claim the standard deduction of $228 for out-of-pocket health care expenses from his current monthly income to calculate his disposable income for purposes of 11 U.S.C. §1325(b)(2). The trustee's objection to confirmation is overruled.

Baton Rouge, Louisiana, February 19, 2009.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE